IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>      Plaintiff,<br><br>  v.<br><br>COMPRESSION LABS INC., a Delaware corporation, and FORGENT NETWORKS, INC., a Delaware corporation,<br><br>      Defendants.<br>_____/ | No. C 05-01567 WHA<br><br>**ORDER GRANTING TEMPORARY STAY AND VACATING HEARINGS** |

## INTRODUCTION

In this patent case, plaintiff Microsoft Corporation ("Microsoft") seeks declaratory judgment of non-infringement, patent invalidity, patent unenforceability and implied license. Defendants Forgent Networks, Inc. ("Forgent") and Compression Labs, Inc. ("CLI") move to dismiss or, in the alternative, stay this action due to a multi-district litigation proceeding currently pending before Judge Phyllis J. Hamilton of this District. Plaintiff also moves to consolidate this action with the actions before Judge Hamilton in MDL No. 1654. This order **GRANTS** defendants' motion for a temporary stay.

## STATEMENT

The underlying dispute in this action revolves around United States Patent No. 4,698,672 ("the '672 patent") entitled "Coding System for Reducing Redundancy." This patent is owned by defendant CLI, a wholly-owned subsidiary of Forgent. The '672 patent

1  covers methods and apparatus for compressing and decompressing digital data in accordance
2  with the JPEG standard, commonly used for compressing still photographic images.  Plaintiff
3  Microsoft designs, makes and licenses several computer software products that operate in
4  accordance with the JPEG standard.  Microsoft has licensed one or more of these products to
5  various entities who are currently involved in other lawsuits concerning the '672 patent, either
6  as accused infringers in actions filed by CLI or as declaratory-judgment plaintiffs.

7  The Judicial Panel on Multidistrict Litigation issued an order on February 16, 2005,
8  transferring eight actions concerning the '672 patent ("the MDL actions") to the Northern
9  District of California for coordinated or consolidated pretrial proceedings before Judge
10 Hamilton.  On April 28, 2005, Microsoft filed an administrative motion to consider whether the
11 above-captioned case should be related to the MDL actions.  On May 6, 2005, Judge Hamilton
12 issued an order finding the cases related within the meaning of Civil Local Rule 3-12(a), but she
13 recused herself due to a financial interest in Microsoft.  Because she found no basis for recusing
14 herself from the MDL actions, only this action was subsequently reassigned.

15 In addition to the motions pending before this Court, Microsoft has filed a motion to
16 intervene in the MDL proceedings.  It urges Judge Hamilton to recuse herself from all of the
17 MDL actions and ask the Judicial Panel on Multidistrict Litigation reassign them to another
18 judge for coordinated or consolidated pretrial proceedings.  That motion is scheduled to be
19 heard on August 17, 2005.

**ANALYSIS**

21 The power to grant a temporary stay "is incidental to the power inherent in every court
22 to control the disposition of the causes on its docket with economy of time and effort for itself,
23 for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  Here, it would
24 be an inefficient use of resources to unnecessarily duplicate the efforts of Judge Hamilton, who
25 will undoubtedly face all of the same issues in dealing with the MDL actions.  Staying the
26 proceedings will thus best serve the interests of judicial economy.

27 Moreover, granting defendants' motion for a temporary stay avoids the possibility of
28 inconsistent rulings.  Indeed, plaintiff's motion to consolidate this action with the MDL actions

may be rendered moot if Judge Hamilton recuses herself and the MDL actions are all reassigned to another judge.  Finally, no party will be unduly prejudiced by a temporary stay pending the decisions of Judge Hamilton and the Judicial Panel on Multidistrict Litigation.  Since Microsoft's motion before Judge Hamilton is already scheduled to be heard on August 17, 2005, any delay suffered is likely to be minimal.

## CONCLUSION

For all of these reasons, defendant's motion for a temporary stay is **GRANTED**.  In the interim, the Court declines to rule on defendants' motion to dismiss for lack of subject-matter jurisdiction or plaintiff's motion to consolidate.  The hearings on these motions, currently scheduled for **JULY 14, 2005 AT 8:00 A.M.** and **JULY 28, 2005 AT 8:00 A.M.**, are both **VACATED**.  The case management conference, currently scheduled for **JULY 14, 2005**, is continued until **SEPTEMBER 8, 2005 AT 11:00 A.M.**

**IT IS SO ORDERED.**

Dated: July 5, 2005

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3